UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARQUIESE RASHAWN ESTERS,

        Petitioner,

v.

JAMES SCHIEBNER,

        Respondent.
_____/

Case No. 1:20-cv-12882

Honorable Thomas L. Ludington
United States District Judge

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY AND ABEY HABEAS CORPUS PETITION AND CLOSING CASE ADMINISTRATIVELY**

Petitioner Marquiese Rashawn Esters, a state prisoner at the Muskegon Correctional Facility in Muskegon, Michigan, filed pro se a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and a motion to stay his petition while he exhausts state remedies. ECF Nos. 1; 3. This Court denied his first motion to stay and ordered the State to respond to the Petition by January 3, 2022. ECF No. 6. Petitioner then retained counsel and filed a postconviction motion in state court. ECF No. 8-2. On November 23, 2021, he filed a second motion to stay. ECF No. 8. The postconviction motion remains pending in state court, which, if successful, might render his habeas claims moot. Even if the state court does not grant relief, any facts developed during the state-court proceedings could benefit this Court in reviewing Petitioner's claims. This Court will therefore grant Petitioner's second motion for a stay of his habeas corpus petition.

I.

Following a trial in Wayne County Circuit Court, a jury found Petitioner guilty of assault with intent to commit murder, MICH. COMP. LAWS § 750.83, assault with intent to do great bodily harm less than murder, *id.* § 750.84, discharge of a firearm from a vehicle, *id.* § 750.234a, felon in possession of a firearm, *id.* § 750.224f, two counts of assault with a dangerous weapon (felonious

assault), *id.* § 750.82, and possession of a firearm during the commission of a felony, *id.* § 750.227b. ECF No. 8-2 at PageID.170–71. The trial court sentenced Petitioner as a habitual offender to two years' imprisonment for the felony firearm conviction, to be followed by concurrent terms of 16 to 30 years for the assault with intent to commit murder, five to 10 years for the assault with intent to do great bodily harm and the discharge of a firearm from a vehicle, two to five years for being a felon possessing a firearm, and two to four years for the felonious assaults. *Id.* at PageID.171.

Petitioner appealed his convictions and sentences by right. His appellate attorney raised two claims challenging the weight and sufficiency of the evidence and the proportionality of Petitioner's sentence. Petitioner argued in a pro se supplemental brief that trial counsel was ineffective and that offense variable two of the Michigan sentencing guidelines was improperly added. The Michigan Court of Appeals rejected all of Petitioner's claims and affirmed his convictions and sentences. *People v. Esters*, No. 340391, 2019 WL 1867631 (Mich. Ct. App. Apr. 25, 2019) (per curiam) (unpublished). On October 29, 2019, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the questions presented to it. *See People v. Esters*, 934 N.W.2d 219 (Mich. 2019).

On October 28, 2020, Petitioner filed the Petition and his first motion to stay. ECF Nos. 1; 3. He asserted that he exhausted his claims on direct appeal yet wanted this Court to stay the Petition so he could exhaust state remedies for unspecified new claims. On June 30, 2021, this Court denied Petitioner's motion to stay, because Petitioner did not identify the claims that he wanted to raise in state court and did not show cause for his failure to raise any new claims in state court before filing his habeas petition. *See* ECF No. 6.

Currently before this Court is Petitioner's second motion for a stay and abeyance of his habeas petition. ECF No. 8. He now has counsel, who alleges that she filed a motion for relief from judgment in state court on the same day that she filed the motion for a stay and abeyance in this Court. *Id.* at PageID.161. The state-court motion asserts that (1) Petitioner's right to effective assistance of counsel was violated when trial counsel received a plea offer but never communicated that offer to Petitioner; that (2) Petitioner's appellate attorney failed to raise strong claims about trial counsel's ineffectiveness and due process violations; and that (3) a *Ginther* hearing[1] is necessary for full consideration of Petitioner's ineffective-assistance-of-counsel claim. ECF No. 8-2, PageID.173, 177–78. Petitioner seeks a stay of the federal proceeding while he pursues state remedies for these additional claims.

## II.

State prisoners must give the state courts an opportunity to act on their claims before they present those claims to a federal court in a habeas petition. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 845 (1999). As relevant here, Michigan state prisoners must fairly present the factual and legal basis for their claims to the Michigan Court of Appeals and to the Michigan Supreme Court before raising the claims in a federal habeas petition. *Robinson v. Horton*, 950 F.3d 337, 343 (6th Cir. 2020); *Wagner v. Smith*, 581 F.3d 410, 414–15 (6th Cir. 2009).

The Antiterrorism and Effective Death Penalty Act of 1996, however, established a one-year statute of limitations for habeas petitions filed under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d).

In *Rhines v. Weber,* 544 U.S. 269 (2005), the Supreme Court addressed the interplay between the exhaustion requirement and the one-year statute of limitations. To resolve the

---

[1] *See People v. Ginther*, 212 N.W.2d 922 (Mich. 1973) (en banc).

problem, the *Rhines* Court approved a "stay and abeyance" procedure, which allows a federal district court to stay a habeas case and to hold the habeas petition in abeyance while the petitioner returns to state court to pursue state remedies for previously unexhausted claims. *See id*. at 275. Under that procedure, "[o]nce the petitioner exhausts his state remedies, the district court [can] lift the stay and allow the petitioner to proceed in federal court." *Id*. at 275-76. The *Rhines* Court elaborated that this "stay and abeyance" procedure is available only in "limited circumstances," such as when "there was good cause for the petitioner's failure to exhaust his claims first in state court," the "unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 277–78.

Petitioner appears to have already exhausted state remedies for his claim that trial counsel failed to communicate a plea offer to him. Indeed, the Michigan Court of Appeals rejected the claim because the record did not support his argument and he failed to establish the factual predicate for his claim. *See People v. Esters*, No. 340391, 2019 WL 1867631, at *3 (Mich. Ct. App. Apr. 25, 2019) (per curiam) (unpublished). Petitioner asserts that he raised the same claim in the Michigan Supreme Court. ECF No. 1 at PageID.18.

Yet his claim about trial counsel is not plainly meritless due to the contradictory nature of the underlying facts and the seriousness of the claim. Although the state-court record apparently indicates there was no plea offer, defense counsel apparently informed the Attorney Grievance Commission that the prosecution had extended plea offers, that Petitioner was informed of all the plea offers, and that Petitioner rejected the offers. *See Esters*, 2019 WL 1867631, at *3. If defense counsel was merely mistaken when he informed the Grievance Commission that Petitioner was informed of and rejected all the plea offers, Petitioner likely would not be entitled to relief. But if defense counsel did not inform Petitioner about a favorable plea offer, Petitioner might have a

meritorious claim of ineffective assistance of counsel. *See Missouri v. Frye*, 566 U.S. 134, 145 (2012) ("[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused.").

Plus, Petitioner does not appear to be engaged in dilatory litigation tactics by reasserting his claim about trial counsel in state court, and his postconviction motion remains pending before the state trial court. *See State v. Esters*, No. 16-010956-01-FC, (Mich. 3d Cir. Ct. Wayne Cnty. filed Dec. 12, 2016). If Petitioner prevails on his claim in state court, his habeas claims in this Court likely would be moot. Even if Petitioner does not prevail in state court, this Court would surely benefit from the state court's adjudication of Petitioner's claim and any attendant testimony.

Accordingly, it is **ORDERED** that Petitioner's Motion for Stay and Abeyance, ECF No. 8, is **GRANTED**. Consequently, Respondent need not file a response to the Petition as previously ordered.

Further, it is **ORDERED** that the Clerk of Court shall **CLOSE** this case for administrative purposes only. This order shall not be treated as adjudicating Petitioner's claims.

Further, it is **ORDERED** that if Petitioner is unsuccessful in state court and wants this Court to reinstate this case, he must file both a motion to amend his habeas petition and an amended petition within **sixty (60) days** of exhausting his postconviction remedies—both with the case number and caption from this Order. Noncompliance with this Order could result in the dismissal of the case.

Dated: December 20, 2021         s/Thomas L. Ludington
                                 THOMAS L. LUDINGTON
                                 United States District Judge