UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARQUIESE RASHAWN ESTERS,

        Petitioner,                                 Case No. 1:20-cv-12882

v.                                                Honorable Thomas L. Ludington
                                                      United States District Judge

JAMES SCHIEBNER, warden,

        Respondent.
_____/

**OPINION AND ORDER DENYING AMENDED PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

In 2017, Petitioner Marquiese Rashawn Esters was convicted in Michigan state court on various assault and firearm offenses after he shot at his father and sister while driving in Detroit. Before this Court is Petitioner's Amended Petition for a Writ of Habeas Corpus. Petitioner raises two grounds for federal habeas relief. First, Petitioner argues that his trial counsel was constitutionally ineffective for failing to inform him of purported plea offers. Second, Petitioner argues that his appellate counsel was constitutionally ineffective for failing to argue that his trial counsel was constitutionally ineffective. Because both claims lack merit, Petitioner's Petition will be dismissed with prejudice. Because reasonable jurists would not disagree with this dismissal and an appeal would not be taken in good faith, this Court will deny a certificate of appealability and deny Petitioner leave to proceed *in forma pauperis* on appeal.

I.

In August 2017, a jury convicted Petitioner Marquiese Rashawn Esters of assault with intent to commit murder ("AWIM"), MICH. COMP. LAWS § 750.83; assault with intent to do great

bodily harm less than murder ("AWIGBH"), MICH. COMP. LAWS § 750.84; discharge of a firearm from a motor vehicle, MICH. COMP. LAWS § 750.234a; felon in possession of a firearm, MICH. COMP. LAWS § 750.224f; two counts of assault with a dangerous weapon ("felonious assault"), MICH. COMP. LAWS § 750.82; and possession of a firearm during the commission of a felony ("felony-firearm"), MICH. COMP. LAWS § 750.227b. *See* ECF No. 17-1 at PageID.583.

Later that month, the state trial court sentenced Petitioner as a third-offense habitual offender, *see* MICH. COMP. LAWS § 769.11, to the following terms of imprisonment:

- 16–30 years for the AWIM conviction,
- five–ten years for the AWIGBH and firearm-discharge convictions,
- two–five years for the felon-in-possession conviction,
- two–five years for the felonious assault convictions, and
- two years for the felony-firearm conviction.

*See* ECF No. 17-1 at PageID.583–84.

The following facts, as recited by the Michigan Court of Appeals, are presumed correct on habeas review, *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009); 28 U.S.C. § 2254(e)(1):

> [Petitioner]'s convictions arise from assaults against his father and his sister in Detroit. The prosecutor presented evidence that [Petitioner] became angry with his father after he reprimanded [Petitioner] about driving recklessly outside a home where a family gathering was taking place. During their interaction, [Petitioner]'s father grabbed [Petitioner] around the collar and pushed him. [Petitioner]'s father and sister then got into a vehicle and drove away, with [Petitioner]'s father behind the wheel. The prosecution elicited testimony from [Petitioner]'s father and sister that [Petitioner], who was visibly upset about the confrontation with his father, hopped in his own car and began chasing their vehicle, shooting at them and their car numerous times with a handgun and striking the vehicle in the area of the gas tank. [Petitioner]'s father managed to elude his son, dropped off his daughter at their home, and then went to the police station to report the incident. [Petitioner] called his father while he was at the police station, leaving a message on his father's voicemail in which he threatened to kill him. After leaving the police station, [Petitioner]'s father went to the home of his best friend, where he observed [Petitioner] with an AK-47 automatic rifle and heard him tell the friend that he was going to kill [Petitioner]'s father. The friend, who was "like an uncle" to [Petitioner], persuaded [Petitioner] to leave the area. Approximately three weeks later, [Petitioner] sent his father a threatening text message, reminding him that [Petitioner] was "still out here" and that his father was not getting a "pass." The

> defense theory at trial was that [Petitioner] never fired at the vehicle carrying his father and sister, that he never possessed any type of firearm that day, and that the testimony of the witnesses for the prosecution were unreliable and uncorroborated.

*People v. Esters*, No. 340391, 2019 WL 1867631, at *1 (Mich. Ct. App. Apr. 25, 2019) (per curiam) (unpublished).

"Petitioner appealed his convictions and sentences by right." *Esters v. Schiebner*, 591 F. Supp. 3d 218, 220 (E.D. Mich. 2021). His appellate attorney raised two claims challenging the weight and sufficiency of the evidence and the proportionality of Petitioner's sentence. *Id.* Petitioner also argued, in a *pro se* supplemental brief, that trial counsel was ineffective, and that offense variable two of the Michigan sentencing guidelines was improperly added. *Id.* The Michigan Court of Appeals rejected Petitioner's claims and affirmed his convictions and sentences. *People v. Esters*, 2019 WL 1867631 (Mich. Ct. App. Apr. 25, 2019). On October 29, 2019, the Michigan Supreme Court denied Petitioner's application for leave to appeal. *People v. Esters*, 934 N.W.2d 219 (Mich. 2019).

On October 28, 2020, Petitioner filed his original petition for a writ of habeas corpus, which asserted the same claims the Michigan Court of Appeals denied on Petitioner's direct appeal. *See* ECF No. 1. But, simultaneously, Petitioner filed a separate motion to hold the original petition in abeyance so that he could return to state court and exhaust state remedies for other "new" claims. ECF No. 3. In June 2021, this Court denied Petitioner's motion because Petitioner did not identify the "new" "claims that he wish[ed] to raise in state court." ECF No. 6 at PageID.93. In November 2021, Petitioner—through newly-retained Counsel—filed a second motion to hold his petition in abeyance, ECF No. 8, which this Court granted the following month. ECF No. 10.

In November 2021, Petitioner returned to the state trial court and filed a motion for relief from judgment that argued:

    (1) Petitioner's trial counsel was constitutionally ineffective for failing to advise Petitioner of a plea offer;

    (2) Petitioner's appellate attorney was constitutionally ineffective for failing to "raise strong claims" about trial counsel's ineffectiveness and "due process violations"; and

    (3) "A *Ginther* hearing is necessary for full consideration of [Petitioner]'s ineffective assistance of counsel claim."

ECF No. 17-4 at PageID.1258–59, 1264, 1266 (emphasis omitted).

    The State of Michigan responded on July 28, 2022. *See* ECF No. 17-15. The state trial court did not schedule an evidentiary hearing but held oral argument on September 15, 2022. *See* ECF No. 17-16. The state trial court ultimately denied Petitioner's motion for relief from judgment as procedurally barred under Michigan Court Rule 6.508(D)(2) and, alternatively, on the merits. ECF No. 17-16, PageID.1304. Petitioner applied for leave to appeal in the Michigan Court of Appeals. But the Michigan Court of Appeals denied Petitioner's application on July 7, 2023, concluding Petitioner did not show that "the trial court erred in denying the motion for relief from judgment." ECF No. 17-19, PageID.1487. The Michigan Supreme Court followed suit and denied Petitioner's application for leave to appeal because Petitioner "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Esters*, 998 N.W.2d 207 (Mich. 2023).

    After the Michigan Supreme Court denied Petitioner leave to appeal, Petitioner returned to this Court and—through retained Counsel—filed a motion to reopen the case. ECF No. 11. This Court granted Petitioner's motion and lifted the stay in the above-captioned case on February 27, 2024. ECF No. 13.

## II.

    A petition for a writ of habeas corpus on behalf of a person in custody pursuant to a state

court judgment "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings" unless the state court decision:

(1) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). An "unreasonable application" of federal law occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.

A federal court may not "issue [a habeas] writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Instead, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "imposes a highly deferential standard for evaluating state-court rulings" and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted). A "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of that decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, to obtain habeas relief in federal court, a state prisoner must show the state court's rejection of his or her claims was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded

disagreement." *Id.* at 103.

### III.

Petitioner's Amended Petition raises the following two grounds for federal habeas relief:

(1) Petitioner's trial counsel was constitutionally ineffective for failing to advise Petitioner of a plea offer "that would have resulted in significantly less incarceration"; and

(2) Petitioner's appellate attorney was constitutionally ineffective for failing to "raise the claim of ineffective assistance of trial counsel."

ECF No. 12 at PageID.227. Each ground will be analyzed in turn.

### A. Ineffective Assistance of Trial Counsel

### 1.

Petitioner first argues that he is entitled to habeas relief because trial counsel was constitutionally ineffective for failing to communicate a plea offer. *See id.* at PageID.250–65. Notably, Petitioner discovered this claim only after he requested that the Attorney Grievance Commission investigate his trial counsel while his direct appeal remained pending in the Michigan Court of Appeals. Petitioner's claim relies substantially on his trial counsel's response letter to the Grievance Commission, which states in relevant part that:

> [Petitioner]'s claim that he wasn't told about any plea bargain offers, simply is not true. All of the pretrial offers and his rejections of them were placed on the record. [Petitioner]'s father didn't want his son to get a lot of time for these charges, as long as he took responsibility for his actions. **The prosecutor offered him a minimum sentence of five years for shooting at his father and sister, and two years for the felony firearm. [Petitioner] rejected this offer; said he wasn't guilty and that he wanted to take this matter to trial.**

ECF No. 12-6, PageID.293 (emphasis added).

Petitioner maintains that he was never informed of the offer specified in the letter, and had counsel informed him of the offer, he would have accepted it. ECF No. 12 at PageID.253. But Michigan Court of Appeals squarely rejected this claim on direct appeal:

> In a response letter to the AGC, trial counsel indicated that [Petitioner] was informed of all plea offers, and his rejections were placed on the record. **We, however, have scoured the lower court record**, **and there is no evidence of any plea offer**. Indeed, the trial court specifically inquired about any plea offers at a pretrial hearing and at the final conference, and the prosecution indicated that no offers had been extended to [Petitioner]. Moreover, defense counsel himself acknowledged that [Petitioner] had not been offered any plea deals. [Petitioner]'s effort to establish the factual predicate for this claim with the letter that trial counsel sent to the AGC constitutes an impermissible expansion of the record on appeal. *People v. Powell*, 235 Mich. App. 557, 561 n. 4; 599 N.W.2d 499 (1999). Furthermore, although a claim of ineffective assistance of counsel may be based on counsel's failure to communicate a plea offer, a defendant must prove by a preponderance of the evidence that a plea offer was made and that his counsel failed to communicate it to him. *People v. Williams*, 171 Mich. App. 234, 242; 429 N.W.2d 649 (1988). **The record simply does not support [Petitioner]'s argument; he has failed to establish the factual predicate for this claim of ineffective assistance of counsel.** *Carbin*, 463 Mich. at 600.

*People v. Esters*, No. 340391, 2019 WL 1867631, at *3 (Mich. Ct. App. Apr. 25, 2019) (emphasis added).

Undeterred, Petitioner raised this argument again in his November 2021 motion for relief from judgment and specifically sought an evidentiary hearing to further develop the factual record. ECF No. 17-4 at PageID.1266–67. The State of Michigan responded by filing an affidavit signed by the assistant prosecuting attorney assigned to Petitioner's trial that averred that she has "no record or recollection" of offering Petitioner any plea offers. ECF No. 17-5 at PageID.1275–76. The trial court held a motion hearing and concluded Petitioner's claim was procedurally barred under Michigan Court Rule 6.508(D)(2)[1] and was, alternatively, without merit because the "record [did] not establish that there was ever a plea offer from the People to [Petitioner], on the record."[2]

---

[1] The Michigan Rules of Criminal Procedure provide that Michigan courts cannot grant relief to criminal defendants who "allege[] grounds for relief which were decided against . . . in a prior appeal" unless the defendant establishes a retroactive change of law which undermined the prior decision. Michigan Court Rule 6.508(D)(2).

[2] Although the state court concluded Petitioner's ineffective-assistance-of-trial-counsel claim was procedurally barred, Respondent does not argue that Petitioner's petition for federal habeas relief is procedurally defaulted, *see* ECF No. 16, so this Court proceeds to the merits.

ECF No. 17-16, PageID.1302–04 (noting Petitioner's trial counsel's did not render "deficient performance" because his "letter to the Attorney Grievance Commission . . . is simply inconsistent with the record before the Court" which "establishes, clearly, that there were never any offers from the People, that [Petitioner's trial counsel] could [have] convey[ed]"). The trial court further concluded Petitioner could not establish prejudice because the evidentiary record was clear that he wanted to proceed to a jury trial rather than plea. *Id*. at PageID.1304 ("The record simply does not establish . . . any offer, and thus, any deficient performance, and thus, any prejudice in this case."). Accordingly, the trial court rejected Petitioner's request for an evidentiary hearing as futile. *Id*. at PageID.1304.

**2.**

The state trial court's rejection of Petitioner's ineffective-assistance-of-trial-counsel claim is not contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.

In *Strickland v. Washington*, the Supreme Court pronounced the preeminent "performance and prejudice" test for whether a counsel's representation satisfies the Sixth Amendment. A criminal defendant—or habeas petitioner—asserting ineffective assistance must show (1) that counsel's performance was objectively deficient, and (2) that the defendant was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, under the "performance" prong, a defendant must show that their counsel's representation "fell below an objective standard of reasonableness." *Nichols v. Heidle*, 725 F.3d 516, 539 (6th Cir.2013). When evaluating performance, however, courts must presume that the counsel's conduct "falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Moreland v. Robinson*, 813

F.3d 315, 328 (6th Cir. 2016) (quoting *Bell v. Cone*, 535 U.S. 685, 702 (2002)). Second, under the "prejudice" prong, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694.

Notably, the *Strickland* standard is "all the more difficult" for a habeas petitioner to meet because "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential and when the two apply in tandem, review is doubly so." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (internal citations omitted). Accordingly, "the question is not whether counsel's actions were reasonable"; but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

The Sixth Amendment right to counsel extends to the plea-bargaining process. *Lafler v. Cooper*, 566 U.S. 156, 163 (2012); *Missouri v. Frye*, 566 U.S. 134, 143–44 (2012). Thus, a criminal defendant is "entitled to the effective assistance of competent counsel" throughout plea negotiations. *Lafler*, 566 U.S. at 162 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). "[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Frye*, 566 U.S. at 145. To show that trial counsel provided objectively deficient performance by failing to communicate a plea offer, a defendant—or habeas petition—must prove (1) the defendant or petitioner "would have accepted the plea," (2) the Government would not have withdrawn the plea; (3) the Court would have accepted the plea; and (4) the imposed conviction, sentence, or both would have "been less severe" if the plea was considered. *Lafler*, 566 U.S. at 164.

### 3.

Petitioner's ineffective-assistance-of-trial-counsel claim fails at the first step because he

has not established that the Government ever offered him a plea. True, Petitioner maintains, as a matter of fact, based in large part on his trial counsel's letter to the AGC, that he was presented with a plea. But both the state trial court and the Michigan Court of Appeals rejected this argument as unsupported by the factual record, and Petitioner has not shown that this decision was incorrect. *See* 28 U.S.C. § 2254(e)(1) ("[S]tate court . . . determination[s] of factual issue[s]" are "presumed . . . correct" on federal habeas review and the petitioner "ha[s] the burden of rebutting the presumption of correctness by clear and convincing evidence.") Nor could he. Neither Petitioner's trial counsel nor Government Counsel ever placed a plea offer on the record. During the April 24, 2017 pretrial conference, the prosecutor averred that she had not extended an offer. ECF No. 17-7, PageID.673. And at the final conference on May 22, 2017, the prosecutor said the same. ECF No. 17-8, PageID.683. Indeed, during the May 2017 conference, the prosecutor expressly noted that Petitioner was adamant that he would not entertain a plea, so no offers had been made. *Id.* at PageID.684. Petitioner's trial counsel agreed. *Id.* Although it is possible plea negotiations ensued between the May 2017 conference and the August 2017 trial, Petitioner has not met his burden to present proof that the prosecutor extended a formal offer. *Lafler v. Cooper*, 566 U.S. 156, 164 (2012).

But even if Petitioner's claim could pass "go" by assuming *arguendo* that a plea offer existed, Petitioner has not shown that he would have accepted the offer. The record is flush with Petitioner's representations that he did not want to plea and wanted to proceed to trial. Petitioner expressed his desire to proceed to trial during the March 6, 2017 pretrial conference. ECF No. 17-6, PageID.663 ("[B]ut that was the whole reason why he was willin' to object, because I wanted to go to trial[.]"). Petitioner's trial counsel noted the same two months later. ECF No. 17-8, PageID.684 (agreeing that Petitioner would not entertain plea discussions). Moreover, aside from

a conclusory and self-serving affidavit signed in 2020—three years after his trial and sentencing—*see* ECF No. 12-15, Petitioner provides no evidence that plausibly suggests he would have accepted a plea offer at the time it would have been extended. Petitioner thus fails to establish that he was prejudiced by counsel's alleged failure to inform him of the plea offer. *See, e.g., Jackson v. United States*, 101 F. App'x 583, 686 (6th Cir. 2004) (defendant failed to prove prejudice from counsel's alleged failure to inform him of a plea offer where he steadfastly refused to admit his guilt).

At bottom, Petitioner has not shown deficient performance nor prejudice. The state trial court and Michigan Court of Appeals' rejection of his ineffective-assistance-of-trial counsel claim was sound in fact and federal law. To the extent that Petitioner separately argues the trial court erred by not holding an evidentiary hearing concerning this claim, such argument is not cognizable on federal habeas review. *See Simpson v. Jones*, 238 F.3d 399, 406–07 (6th Cir. 2000) (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Smith v. Phillips*, 455 U.S. 209, 221 (1982)). Indeed, the Sixth Circuit repeatedly recognizes that "errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007) (citing *Kirby v. Dutton*, 794 F.2d 245, 246–47 (6th Cir. 1986); *see also Roe v. Baker*, 316 F.3d 557, 571 (6th Cir. 2002)).

### B. Ineffective Assistance of Appellate Counsel

Petitioner next argues that appellate counsel was constitutionally ineffective for failing to raise the ineffective-assistance-of-trial-counsel claim on direct appeal. ECF No. 12 at PageID.266– 77.

Petitioner first raised his ineffective-assistance-of-*appellate*-counsel claim alongside his ineffective-assistance-of-*trial*-counsel claim in his motion for relief from judgment filed with the

state trial court in November 2021. ECF No. 17-4 at PageID.1258–59, 1264. The state trial court denied Petitioner's motion in full on September 15, 2022, "for the reasons stated on the record." ECF No. 17-7. But, importantly, unlike Petitioner's ineffective-assistance-of-*trial*-counsel claim, the record does not reveal *why* the state trial court rejected the merits of Petitioner's ineffective-assistance-of-*trial*-counsel claim. *See generally* ECF No. 17-16. The Michigan Court of Appeals and the Michigan Supreme Court provided no further clarity on the merits of this claim when they rejected Petitioner's applications for leave to appeal. *See* ECF No. 17-19, PageID.1487; *People v. Esters*, 998 N.W.2d 207 (Mich. 2023). Accordingly, Petitioner argues that the state court's rejection of this claim is not entitled to AEDPA deference. ECF No. 12 at PageID.274. Petitioner is mistaken. *Rayner v. Mills*, 685 F.3d 631, 637 (6th Cir. 2012) (explaining that even "when there is no explanation as to either *Strickland* prong," a reviewing habeas court must still "afford both prongs AEDPA deference" after determining what arguments or theories could have plausibly supported the state court's decision); *Wogenstahl v. Mitchell*, 668 F.3d 307, 327 (6th Cir. 2012).

But even if Petitioner was correct and AEDPA deference did not apply, Petitioner is not entitled to federal habeas relief on his ineffective-assistance-of-*appellate*-counsel claim because the claim lacks merit. Appellate counsel cannot be constitutionally ineffective for failing to make a meritless argument. *Tackett v. Trierweiler*, 956 F.3d 358, 375 (6th Cir. 2020); *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010); *see also Cowans v. Bagley*, 639 F.3d 241, 252 (6th Cir. 2011) ("The standard for ineffective assistance of appellate counsel mirrors the one governing the performance of trial counsel."). As discussed *supra* Section III.A., Petitioner's ineffective-assistance-of-*trial*-counsel claim was wholly unsupported. His appellate counsel was not constitutionally ineffective for failing to raise an argument which had little chance of succeeding. *See United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990) (noting that strategic and tactical

choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of [appellate] counsel"). Plaintiff is not entitled to federal habeas relief on this ground.

## IV.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation and quoting citation omitted). In this case, reasonable jurists would not debate this Court's conclusion that Petitioner is not entitled to habeas relief. Therefore, a COA will be denied. Petitioner will also be denied leave to appeal *in forma pauperis* because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

## V.

Accordingly, it is **ORDERED** that the Amended Petition for a Writ of Habeas Corpus, ECF No. 12, is **DISMISSED WITH PREJUDICE**.

Further, it is **ORDERED** that a certificate of appealability is **DENIED.**

Further, it is **ORDERED** that leave to appeal *in forma pauperis* is **DENIED.**

**This is a final order and closes the above-captioned case.**

Dated: September 27, 2024         s/Thomas L. Ludington
                                  THOMAS L. LUDINGTON
                                  United States District Judge